CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 3 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **HOWARD LEONARD,** | ) | **CASE NO. 7:18CV00442** |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondents. | ) | |

Petitioner Howard Leonard, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. Leonard asserted that one Tennessee jurisdiction had pending charges against him that were not resolved while Leonard was in Tennessee, in violation of the Interstate Agreement on Detainers Act ("IADA"). The respondent has filed a motion to dismiss Leonard's petition as moot. Upon review of the record, the court concludes that respondent's motion must be granted.

The material facts are not disputed. Leonard is serving Virginia sentences of imprisonment and is currently confined at Pocahontas Correctional Center ("PCC"), a prison facility operated by the Virginia Department of Corrections ("VDOC"). Leonard has been in VDOC custody since February 12, 2018. VDOC notified him on February 28, 2018, that during the previous month, two Tennessee counties had lodged detainers against Leonard with VDOC: a Sullivan County detainer from 2017, based on pending charges in that jurisdiction; and a Carter County detainer from 2017, based on a pending charge for evading arrest.

On March 20, 2018, prison officials presented Leonard with IADA Forms I and II, based on multiple pending charges against him in Sullivan County. Leonard signed the forms on March 20, 2018, indicating that he wished to return to Sullivan County to resolve the outstanding criminal charges. In April of 2018, officials transported him to Tennessee, the Sullivan County charges

were resolved, and Leonard was returned PCC on June 13, 2018. Shortly thereafter, VDOC received IAD Form IX from Sullivan County and copies of the circuit court's orders regarding the outcome of Leonard's criminal proceedings. VDOC then removed the Sullivan County detainer from Leonard's VDOC record.

On May 14, 2018, VDOC received paperwork from the Circuit Court for Carter County, Tennessee, about Leonard's charges in that jurisdiction, including a copy of a court order indicating that the charge of evading arrest had been dismissed. Based on this information, VDOC removed the Carter County detainer from Leonard's record.

The respondent provides an affidavit from VDOC Detainer Coordinator Melanie Cale, verifying this information. Ms. Cale states that VDOC has no active detainers against Leonard, and he has provided no evidence to the contrary.

The IADA is a compact among 48 states, the federal government, and others with the aim of establishing procedures for resolution of one jurisdiction's outstanding criminal charges against another jurisdiction's prisoner. See 18 U.S.C. app. 2. Tennessee and Virginia are participating states. Tenn. Code Ann. § 40-31-101; Va. Code § 53.1-210. Under Article III of the IADA, when an inmate serving a prison sentence makes an appropriate request for disposition of an outstanding charge against him in another state, that "receiving" state has 180 days to retrieve that inmate for resolution of all outstanding charges against him in the receiving state.

Article IV of the IADA in Virginia and Tennessee authorizes "receiving" state authorities to request temporary custody of another state's inmate to try him on a pending charge. This provision includes an anti-shuttling requirement that the inmate should be tried on all charges pending against him in the receiving state before he is returned to incarceration in the sending state, or else any untried charge must be dismissed with prejudice.

Leonard asserted a claim under the anti-shuttling provision in Article IV. He argued that this provision was violated because when he was transported to Sullivan County to face his charges there, he was not also taken to Carter County to dispose of its charges against him while he was in Tennessee. Thus, he argued that this court should dismiss the Carter County charges with prejudice. The respondent filed a motion to dismiss, arguing that because Carter County now has no active detainer against Leonard, his § 2254 petition must be dismissed as moot. Leonard has not responded to the motion to dismiss.[1] The time allotted for his response has long since expired, however, making the motion ripe for disposition.

Article III of the United States Constitution confers jurisdiction to federal courts only when there is an actual "case" or "controversy." To have a case or controversy under Article III, plaintiff must show, among other things, that he has suffered or will suffer some sort of injury in fact and it is likely the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). If one of these elements is lacking at any point during the litigation, the case becomes moot. Townes v. Jarvis, 577 F.3d 543, 546-47 (4th Cir. 2009) (holding that if no realistic possibility exists that a plaintiff can obtain the ultimate relief, he will fail to satisfy the redressability prong") (internal quotation marks and citations omitted); Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007) (finding case moot if petitioner "has no further need for [the requested] relief").

It is undisputed that neither Sullivan County nor Carter County have any detainers pending against Leonard. Thus, the court concludes that he no longer has any injury-in-fact that this court could address. Although Leonard demands dismissal of the Carter County charges with prejudice,

---

[1] Counsel for the respondent states that when she spoke with Leonard about this case in October of 2018, he stated that he had not received a copy of the Carter County court order about the dismissal of the charges there and had not received a notice that the Carter County detainer had been removed from his record. Counsel then provided copies of these documents to Leonard.

this court could not grant such relief. Under the IADA, [a]uthority to render a detainer invalid and to dismiss the underlying charges is afforded to the charging, and not the sending, jurisdiction." Tungate v. Thoms, 45 F. App'x 502, 504-05 (6th Cir. 2002) (citing IADA Articles III(d); IV(e); V(c)). In Leonard's case, the charging jurisdiction was Tennessee. Accordingly, this court has no jurisdiction to dismiss any of his Tennessee charges with prejudice.

For the reasons stated, the court concludes that the motion to dismiss Leonard's petition must be granted. An appropriate order will enter this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 23rd day of August, 2019.

                                                          /s/ Conrad
                                                  Senior United States District Judge